**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **WEB 2.0 TECHNOLOGIES, LLC, AND PENNAR SOFTWARE CORPORATION,** | **Civil Action No. 4:25-cv-00191** |
| **Plaintiffs,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **MEDICAL CITY DENTON** | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Web 2.0 Technologies, LLC ("Web 2.0") and Pennar Software Corporation ("Pennar") (collectively "Plaintiffs") hereby allege for their Complaint for patent infringement against Defendant, Medical City Denton ("Medical City" or "Defendant"), on personal knowledge as to their own actions and on information and belief as to the actions of others, as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.      Plaintiff Web 2.0 is a limited liability corporation with a registered agent at 2900 Balcones Dr., Suite 100, Austin, Texas 78731.  Plaintiff Pennar is a corporation organized under the laws of the Commonwealth of Virginia with a registered agent at 8401 Mayland Dr. Suite S, Richmond, VA, 23294.

3.      On information and belief, Defendant is a Texas company having an established place of business at 3535 S. Interstate 35, East Denton, Texas, 76210, wherein at least some of the acts of infringement alleged herein have occurred through at least Defendant's use of the Accused Instrumentalities as described herein.

4.      Upon information and belief, Defendant is authorized to do business in Texas, with its an established place of business at 3535 S. Interstate 35, East Denton, Texas, 76210. Defendant may be served through Medical City Healthcare, PLLC's registered agent Flavia L. Thomas 12946 Dairy Ashford, Suite 230 Sugar Land, TX 77478.

5.      Plaintiffs hold all substantial rights, title, and interest in the patents at issue in this action, U.S. Patent No. 9,465,913, ("the '913 patent" or "the Asserted Patent"), including the exclusive right to sue Defendant for infringement and recover damages, including damages for past infringement.

6.      Plaintiffs seek monetary damages and prejudgment interest for Defendant's direct infringement of the Asserted Patent.

7.      Defendant operates a healthcare facility at 3535 S. Interstate 35, East Denton, Texas, 76210.

8.      On information and belief, Defendant designs, develops, uses and/or maintains customized EHR systems, platforms, and/or services for use, sale, and/or offer for sale in this District that comply with the Meaningful Use ("MU") standards and CEHRT as prescribed in the HITECH Act and the American Recovery and Reinvestment Act (ARRA) of 2009 governing the implementation of electronic medical health records ("Accused Instrumentalities").

9.      On information and belief, Defendant's Accused Instrumentalities have been certified to comply with the MU standards in a manner that infringes the Asserted Patents.

10.     On information and belief, the MU standards were promulgated through the Health Information Technology for Economic and Clinical Health ("HITECH") Act, one of several measures enacted through the American Reinvestment & Recovery Act ("ARRA") of 2009.  The HITECH Act includes the concept of electronic health records-meaningful use ("EHR-MU") to facilitate the meaningful use of interoperable electronic health records throughout the United States health care delivery system.

11.     Under the HITECH Act, certified EHRs must be used in a meaningful way, such as for issuing electronic prescriptions and for the exchange of electronic health information to improve quality of care.  On information and belief, Defendant's Accused Instrumentalities, which incorporate the infringing technologies, are certified and improve coordination of care, improve efficiency, reduce costs, ensure privacy and security, improve population and public health, and engage patients and their caregivers more in their own healthcare in accordance with the spirit and purpose of the HITECH Act.

12.     On information and belief, by configuring the Accused Instrumentalities to comply with the MU standards, Defendant obtained financial incentives from the federal government and avoided financial penalties that would have resulted had such a system failed to do so, including a reduction of reimbursements for Medicare and Medicaid.

13.     On information and belief, in order to qualify for federal funds, through the use of infringing technologies, Defendant was able to demonstrate meaningful use of the Accused Instrumentalities, including achieving the minimum core objectives in each stage of the MU programs and conducting risk assessments that demonstrate compliance with the Security and Privacy Rules of Health Information Portability and Accountability Act ("HIPPA").

14.     On information and belief, in or around 2018, the name of the program governing EHR incentives was changed to "Promoting Interoperability."  The Promoting Interoperability program (Meaningful Use) provides financial incentives to eligible hospitals, such as Defendant, when they meet a set of standards for the use of federally certified EHR technology ("CEHRT") as part of their practice.

15.     On information belief, MU compliance requires healthcare providers, such as Defendant, to use Certified EHR Technology (CEHRT) to improve care quality, safety and efficiency in ways that can be evaluated using qualitative and quantitative measures.  On information and belief, there are three stages to such compliance, including use of CEHRT for data capturing & sharing (in stage 1), use of CEHRT to advance clinical processes (in stage 2), and use of CEHRT to move toward improved health outcomes (in stage 3).  *See* 42 C.F.R. § 495 *et seq*.

16.     On information and belief, Defendant's Accused Instrumentalities comply with CEHRT in all three stages in a manner that infringes one or more claims of the Asserted Patent. By complying with CEHRT, the Accused Instrumentalities also give assurance to Defendant's users and customers as well as federal and state agencies that the Accused Instrumentalities offer the necessary technological capability, functionality, and security to help Defendant's users and customers meet the meaningful use criteria.

## JURISDICTION AND VENUE

17.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1*, et seq*.

18.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

19.     Defendant is subject to this Court's general personal jurisdiction at least because it is a resident of Texas, and operates a facility at 3535 S. Interstate 35, East Denton, Texas, 76210.

20.     Defendant is additionally subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042.  On information and belief, Defendant contracted with one or more Texas residents in this District and one or both parties performed the contract at least in part in the State of Texas and in this District; Defendant committed the tort of patent infringement in the State of Texas and in this District; Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; Defendant regularly conducts and solicits business within the State of Texas and within this District; Defendant recruits residents of the State of Texas and this District for employment inside or outside the State of Texas; Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in this District; and Defendant uses, distributes, makes available, imports, sells, and/or offers to sell products and services throughout this District, and introduces infringing products and services into the stream of commerce knowing that they would be used and sold in this District.

21.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b).  On information and belief, Defendant has a regular and established place of business in this District at the at 3535 S. Interstate 35, East Denton, Texas, 76210, where are least some of Defendant's infringements occur.  (https://www.medicalcityhealthcare.com/locations/medical-city-denton-hospital.)

22.     Additionally, Defendant, either directly or through intermediaries, subsidiaries, alter egos, and/or agents—uses, makes available, distributes, offers for sale, imports, and/or sells its Accused Instrumentalities in this District.  Defendant purposefully and voluntarily placed one or more of its Accused Instrumentalities into the stream of commerce with the awareness and/or intent that they will be purchased and used by consumers in this District.  These Accused Instrumentalities have been and continue to be purchased and used by consumers and businesses in this District.

## THE ASSERTED PATENT

23.     On Oct. 11, 2016, the USPTO duly and legally issued U.S. Patent No. 9,465,913 ("the '913 Patent"), entitled "Online Repository for Personal Information."  A copy of the '913 Patent is attached hereto as Exhibit 1.

24.     Plaintiffs hold all substantial right, title, and interest in the '913 Patent, including the right to sue and recover damages for infringement thereof, including past infringement

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,465,913

25.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

26.     Defendant has infringed one or more claims of the '913 patent, including but not limited to independent Claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in the United States without authority the Accused Instrumentalities that comply with the Meaningful Use standards and CEHRT as prescribed in the HITECH Act and the American Recovery and Reinvestment Act (ARRA) of 2009 governing the implementation of electronic medical health records.

27.     Discovery is expected to uncover the full extent of Defendant's infringement of the '913 patent beyond the Accused Instrumentalities already identified herein.

28.     Attached hereto as Exhibit 2, and incorporated by reference herein, is a claim chart detailing how the Accused Instrumentalities directly infringed independent Claim 1 of the '913 patent.  Each of the elements of Claim 1 of the '913 patent is found in the Accused Instrumentalities as shown in Exhibit 2.

29.     Defendant directly infringed, literally infringed, and/or infringed the '913 patent under the doctrine of equivalents.

30.     Defendant is thus liable for infringement of the '913 patent pursuant to 35 U.S.C. § 271.

31.     Plaintiffs have suffered damages as a result of Defendant's infringement of the '913 patent.

32.     Plaintiffs reserve the right to modify their infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of their infringement contentions or their claim constructions by the claim chart provided with this Complaint. Plaintiffs intends the claim chart (Exhibit 2) for the '913 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for themselves and against Defendant as follows:

A.     A judgment that Defendant has infringed one or more claims of the Asserted Patent;

B.     A judgment awarding Plaintiffs all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of

infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

     C.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees; and

     D.     A judgment awarding Plaintiffs such other relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury of this action.

Dated:  February 27, 2025                          Respectfully submitted,

By:   /s/ *Robert Kiddie*
Timothy Devlin
tdevlin@devlinlawfirm.com
Robert Kiddie
State Bar No. 24060092
Rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs Web 2.0*
*Technologies, LLC and*
*Pennar Software Corporation*